IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: |
|  | ) |  |
| v. | ) | Filed:  April 16, 2008 |
|  | ) |  |
| JAPAN AIRLINES INTERNATIONAL CO., LTD. | ) | Violation: 15 U.S.C. § 1 |
|  | ) |  |
| Defendant. | ) |  |

## INFORMATION

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

### Defendant and Co-Conspirators

1.      Japan Airlines International Co., Ltd. ("Defendant") is a corporation organized and existing under the laws of Japan with its principal place of business in Tokyo, Japan.  During the period covered by this Information, Defendant was engaged in the business of providing air transportation services for passengers and cargo in the United States and elsewhere.

2.      Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3.      Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business

1

or affairs.

## Background of the Offense

During the period covered by this Information:

4.    Defendant and its co-conspirators provided international air transportation services for cargo ("air cargo services").  Defendant and its co-conspirators provided air cargo services to and from the United States.

5.    Defendant's air cargo services transported a variety of cargo shipments, such as heavy equipment, perishable commodities, and consumer goods, on scheduled flights within Japan and internationally, including to and from the United States.  For its air cargo services, Defendant charged its customers a rate that consisted of both a base rate and various fees and surcharges, such as fuel and post-September 11 security surcharges.  The rates charged by Defendant's co-conspirators for air cargo services also included both a base rate and various fees and surcharges.  The amount of the base rate charged by Defendant and its co-conspirators could vary based on the type and weight of the shipment, the origin and/or destination of the shipment, and the nature of the goods or products being shipped.  Similarly, the amount of certain surcharges levied by Defendant and its co-conspirators could vary based on the origin and/or destination of the shipment.  The base rate, surcharges, and fees charged to customers by Defendant and its co-conspirators for air cargo services are collectively referred to herein as "cargo rates."

## Conspiracy to Restrain Trade

6.    From on or about April 1, 2000 and continuing until at least February 14, 2006, the exact dates being unknown to the United States, Defendant and its co-conspirators entered

2

into and engaged in a combination and conspiracy to suppress and eliminate competition by

fixing the cargo rates charged to customers in the United States and elsewhere for international

air shipments.  The combination and conspiracy engaged in by Defendant and its co-conspirators

was in unreasonable restraint of interstate and foreign trade and commerce in violation of

Section 1 of the Sherman Act (15 U.S.C. § 1).

7.    The charged combination and conspiracy consisted of a continuing agreement,

understanding, and concert of action among Defendant and its co-conspirators, the substantial

terms of which were to suppress and eliminate competition by fixing cargo rates to and from the

United States and elsewhere.

**Manner and Means of the Conspiracy**

8.    For purposes of forming and carrying out the charged combination and

conspiracy, Defendant and its co-conspirators did those things that they combined and conspired

to do, including, among other things:

a.    participating in meetings, conversations, and communications in the

United States and elsewhere to discuss the cargo rates to be charged on

certain trans-Pacific routes to and from the United States;

b.    agreeing, during those meetings, conversations, and communications, on

certain components of the cargo rates for shipments on certain trans-

Pacific routes to and from the United States;

c.    levying cargo rates in the United States and elsewhere in accordance with

the agreements reached; and

d.    engaging in meetings, conversations, and communications in the United

3

States and elsewhere for the purpose of monitoring and enforcing

adherence to the agreed-upon cargo rates.

## Trade and Commerce

9.      During the period covered by this Information, proposals, contracts, invoices for

payment, payments, and other documents essential to the provision of air cargo services were

transmitted in interstate and foreign trade and commerce between and among offices of

Defendant and its customers located in various States and foreign countries.

10.     During the period covered by this Information, Defendant and its co-conspirators

transported substantial quantities of cargo, in a continuous and uninterrupted flow of interstate

and foreign commerce, between various foreign countries and the United States, including

through various U.S. airports to final destinations in various States.

11.     During the period covered by this Information, certain of the business activities of

Defendant and its co-conspirators in connection with the air cargo services that are the subject of

this Information were within the flow of, and substantially affected, interstate and foreign trade

and commerce.

## Jurisdiction and Venue

12.     The combination and conspiracy charged in this Information was carried out, in

part, in the District of Columbia within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

_____/s/_____
Thomas O. Barnett
Assistant Attorney General
Antitrust Division
United States Department of Justice


_____/s/_____
Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice


_____/s/_____
Marc Siegel
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____/s/_____
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice


_____/s/_____
Mark R. Rosman, Assistant Chief
Brent Snyder, Trial Attorney
Mark C. Grundvig, Trial Attorney
Kathryn M. Hellings, Trial Attorney
Elizabeth Aloi, Trial Attorney
Deana Timberlake-Wiley, Trial Attorney
National Criminal Enforcement Section
Antitrust Division
United States Department of Justice
1401 H Street, N.W.
Suite 3700
Washington, D.C. 20530
PH:  (202) 616-3186
FAX: (202) 514-6525

5