IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No.: 08-00106-JDB |
| ) | |
| v. ) | JOINT SENTENCING |
| ) | MEMORANDUM BY THE |
| JAPAN AIRLINES INTERNATIONAL, ) | UNITED STATES AND JAPAN |
| CO., LTD., ) | AIRLINES INTERNATIONAL CO., |
| ) | LTD. |
| Defendant. ) | |
| _____) | Date/Time: May 7, 2008 at 9 a.m. |

The United States and defendant Japan Airlines International Co., Ltd. ("JAL") file this Joint Sentencing Memorandum in support of their recommendation that the Court sentence JAL to pay a criminal fine of $110 million, payable in agreed installments, without interest, over five years.

## I. INTRODUCTION

On April 16, 2008, the United States filed an Information charging JAL with participating in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the cargo rates charged to customers for international air shipments, from on or about April 1, 2000 and continuing until at least February 14, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. JAL is scheduled to enter a plea and to be sentenced on May 7, 2008, at 9:00 a.m. JAL will waive indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C).

The United States and JAL submit this joint memorandum to provide additional support

for the recommended fine of $110 million. If the Court finds that the Plea Agreement[1] and this memorandum do not provide sufficient information to allow for the imposition of sentence on the scheduled date of the plea hearing, the parties are prepared to submit additional information requested by the Court. The parties will file the executed JAL 11(c)(1)(C) Plea Agreement at sentencing.

## II. MATERIAL TERMS OF THE JAL PLEA AGREEMENT

The material terms of the JAL Plea Agreement include:

1. JAL will waive indictment, waive all rights as enumerated in the Plea Agreement, and plead guilty under Fed. R. Crim. P. 11(c)(1)(C) to a one-count Information charging it with participating in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the cargo rates charged to customers for international air shipments, from on or about April 1, 2000 and continuing until at least February 14, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. During the relevant period, JAL was engaged in the sale of air cargo services in the United States and elsewhere and employed more than 1,000 employees. During the relevant period, JAL's sale of air cargo services from the United States totaled at least $665.1 million.

2. The United States and JAL agree that the appropriate sentence in this case is a fine of $110 million, a special assessment of $400, and no term of probation. The fine is to be paid in installments over five years, with no interest, as enumerated in the Plea Agreement. The first installment of $20 million will be paid within 30 days of imposition of sentence. JAL agrees to have its sentence determined under the United States Sentencing Guidelines

---

[1] A courtesy copy of the Plea Agreement was provided to the Court on April 21, 2008.

("U.S.S.G." or "Guidelines"), although JAL understands the Guidelines are advisory, not mandatory. The United States contends that had this case gone to trial, the United States would have presented evidence to prove that the gain derived from or the loss resulting from the charged offense is sufficient to justify a fine of $110 million, pursuant to 18 U.S.C. § 3571(d). For purposes of this plea and sentencing, JAL waives its right to contest this calculation.

3.  The parties agree that the recommended fine is appropriate, pursuant to U.S.S.G. §8C3.3(a) and (b), due to the inability of JAL to pay a fine greater than that recommended without substantially jeopardizing its continued viability, even with the use of a reasonable installment schedule. The United States agrees that, based on JAL's ongoing cooperation, the United States would have moved the Court for a downward departure pursuant to U.S.S.G. §8C4.1, but for the fact that the amount of the fine that the United States would have recommended as a downward departure for substantial assistance provided still would have substantially jeopardized JAL's continued viability.

4.  The United States will not seek restitution in this case in light of the above and the many civil class action cases filed against JAL, which each potentially provide for a recovery of a multiple of actual damages.

5.  The United States agrees that it will not bring further criminal charges against JAL and its current and former officers, directors, and employees (except for the three JAL individuals specifically excluded from the Plea Agreement and potentially subject to charges) for their participation in the Air Cargo conspiracy. In return, JAL and its executives agree to cooperate fully in the ongoing Air Cargo investigation. As detailed below, JAL will continue to produce documents and proffer information for use by attorneys and agents for the United States.

Moreover, JAL will continue to make executives available in the United States for interviews and to produce documents located outside the United States. The documents produced and cooperation proffered to date have substantially assisted the United States in furthering its investigation.

### III. UNITED STATES SENTENCING GUIDELINES CALCULATIONS

The parties agree to the following Guidelines calculations, which are based on JAL's sales of air cargo services from the United States during the relevant period of at least $665.1 million:

| | | | |
|---|---|---|---|
| 1. | Base Fine (20% of $665.1 million) (Volume of Affected Commerce) (§2R1.1(d)(1) & 8C2.4(b)) | | $133 million |
| 2. | Culpability Score | | |
| | I. | Base (§8C2.5(a)) | 5 |
| | ii. | Involvement in or Tolerance of Criminal Activity (§8C2.5(b)(2)(B)(ii)) | 4 |
| | iii. | Prior History (§8C2.5(c)) | 0 |
| | iv. | Violation of Order (§8C2.5(d)) | 0 |
| | v. | Obstruction of Justice (§8C2.5(e)) | 0 |
| | vi. | Effective Program to Prevent and Detect Violations of Law (§8C2.5(f)) | 0 |
| | vii. | Self-Reporting, Cooperation, and Acceptance of Responsibility (§8C2.5(g)(2)) | -2 |
| 3. | Total Culpability Score | | 7 |
| 4. | Minimum and Maximum Multipliers (§8C2.6) | | 1.4 - 2.8 |

| | | |
|---|---|---|
| 5. | Minimum and Maximum Fine Range (§8C2.7) | $186.2 - 372.4 million |
| 6. | Total Fine Based on U.S.S.G. §8C3.3(a) & (b) | $110 million |

### IV. JAL'S COOPERATION AND ABILITY TO PAY

In calculating the fine in this case, the United States utilized the same procedure as in the related cases that have come before this Court. The United States' investigation of the Air Cargo industry became public knowledge on February 14, 2006, when JAL and several other carriers were searched, pursuant to warrant, by the Federal Bureau of Investigation. Within days after execution of those search warrants, JAL indicated its willingness to accept responsibility for its illegal conduct and began to fully cooperate with the ongoing investigation. As a result, at the outset of plea negotiations, the United States anticipated recommending a fine for JAL that would have included a significant cooperation discount, thereby necessitating a motion for a downward departure.

However, even taking into account the substantial downward departure that the United States would have recommended for JAL, the question of whether JAL would be able to pay the resulting criminal fine without substantially jeopardizing its continued viability was taken into account, pursuant to U.S.S.G. §8C3.3(a)-(b). The United States engaged an accounting expert, who the Department of Justice Antitrust Division has similarly retained in other investigations, to address this question.

Over a period of eight months, the United States required JAL to make multiple productions of detailed financial information, to answer numerous questions posed by the United States' expert, and to communicate directly with the expert on multiple occasions regarding various issues. JAL also retained an accounting expert who communicated with the expert for

the United States.

After undertaking his analysis, the accounting expert for the United States concluded that JAL was unable to pay the Guidelines fine, even including the downward adjustment for its cooperation. In doing so, he considered JAL's financial performance over the past five years, its reasonably expected financial performance over the next five years as a result of changes in its operations, and other factors. On the basis of the analysis provided by its accounting expert as well as information provided by JAL and its accounting expert, the United States and JAL negotiated a corporate fine of $110 million, which, although below the Guidelines fine, is still in excess of the statutory maximum.

## V.  CONCLUSION

Based on the foregoing, the United States and Japan Airlines International Co., Ltd. respectfully request that the Court accept their recommendation of a criminal fine of $110 million in this matter.

DATED: April 29, 2008

Respectfully submitted,

| | |
|---|---|
| **JAPAN AIRLINES INTERNATIONAL CO., LTD.** | **THOMAS O. BARNETT**<br>**ASSISTANT ATTORNEY GENERAL** |
| BY:        /s/        <br>William Karas<br>Mark Hulkower<br>Kenneth P. Ewing<br>Erin S. Vagley<br>Steptoe & Johnson LLP<br>1330 Connecticut Ave., N.W.<br>Washington, D.C. 20036<br>Tel.: (202) 429-6223<br>Fax: (202) 429-3902 | BY:        /s/        <br>Mark Rosman, Assistant Chief<br>Brent Snyder, Trial Attorney<br>Mark Grundvig, Trial Attorney<br>Kathryn Hellings, Trial Attorney<br>Elizabeth Aloi, Trial Attorney<br>Deana Timberlake-Wiley,<br>   Trial Attorney<br>U.S. Department of Justice<br>Antitrust Division<br>450 Fifth Street, N.W., Suite 11300<br>Washington, D.C. 20530<br>Tel.: (202) 307-6694<br>Fax: (202) 514-6525 |